Nicholson, C. J.,
delivered the opinion of the court.
McCorkle sued Rhea, in covenant, to recover $500 damages on an injunction bond for wrongfully suing out the injunction. The jury rendered a verdict for plaintiff for $500 principal and $467 interest thereon. Defendant appealed.
*416 1. The suit was covenant for damages, and $500 was the penalty of the bond. It was error to render judgment for interest on the penalty of the bond. By the terms of the contract, $500 was fixed as the limit as to the amount of damages.
2. Plaintiff read, over the objection of the defendant, a portion of the record in the case in which the injunction issued and the injunction bond was executed. The court allowed a portion of the record to be-read, and, upon the certificate of the clerk and master of the Chancery Court, that no other portion could be found after search in his office, the court allowed parol proof to supply the contents of the missing record. This was erroneous, for the reason that it appeared from .the portion of the transcript read that the cause was transferred from the Chancery to the Circuit Court, and there tried; but there is no evidence that any search was made in the office of the Circuit Court for the missing record. The papers in the cause would properly be deposited there after trial. To justify a resort to secondary evidence to supply the contents of a record, full and satisfactory evidence of the loss must be adduced. The mere certificate of the clerk and master that the record was not in his office, was not sufficient. His affidavit showing the character of the search made in his own office, and, in this case, the affidavit of the clerk of the Circuit Court, should have been taken.
3. The deposition of Vm. Olephat was read by plaintiff, although it had been excepted to by defendant for want of notice, and the exception sustained by *417 the clerk, and no appeal from his ruling. When read on the trial it was objected to By defendant, and the objection overruled, and no notice was taken of the fact that the clerk had sustained the exception for want of notice. The deposition was material.
For these errors, the judgment is reversed and a new trial granted.